UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Frederick Harding, individually and on behalf of all others similarly situated,

                Plaintiff,

-v.-

Jefferson Capital Systems, LLC, Dynamic Recovery Solutions and John Does 1-25.

                Defendant(s).

Civil Action No: _____

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

      Plaintiff Frederick Harding (hereinafter, "Plaintiff"), a Maryland resident, brings this Class Action Complaint by and through his attorneys, Meriden Law LLC, against Defendant Jefferson Capital Systems, LLC, (hereinafter "Defendant Jefferson") and Defendant Dynamic Recovery Solutions (hereinafter "Defendant DRS") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA"

1

or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's primary place of business is located in this district.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Maryland consumers under §

1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Maryland, County of Saint Mary's, residing at 26808 Cat Creek Road, Mechanicsville, MD 20659.

9. Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its principal office address at 16 McLeland Rd, St. Cloud, MN 56303 and can be served process upon its registered agent, CSC-Lawyers Incorporating Service Company at 7 Paul St., Suite 820, Baltimore, MD 21202.

10. Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant DRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with its principal office address at 135 Interstate Blvd., Suite 6, Greenville, SC 29615 and can be served process upon its registered agent, National Registered Agents, Inc. of MD., at 2405 York Road, Suite 201, Lutherville Timonium MD 221093-2264.

12. Upon information and belief, Defendant DRS, is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and

should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

   a. all individuals with addresses in the State of Maryland;

   b. to whom Defendant DRS sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Jefferson;

   d. which stated that both Defendant Jefferson and Defendant Dynamic may report the debt to the crediting reporting agencies as unpaid;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

        complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24.    Some time prior to January 5, 2019, an obligation was allegedly incurred to creditor Cellco Partnership.

25. The Cellco Partnership obligation arose out of transactions incurred primarily for personal, family or household purposes.

26. The alleged Cellco Partnership obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Cellco Partnership is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. Defendant Jefferson purchased the Cellco Partnership debt and contracted with the Defendant DRS to collect the alleged debt.

*Violation – January 5, 2019 Collection Letter*

29. On or about January 9, 2019, Defendant DRS sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant Jefferson. See a true and correct copy of the Letter attached at Exhibit A.

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

32.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

33.     The letter states:

"The law limits how long you can be sued on a debt.  Because of the age of your debt, Jefferson Capital Systems, LLC and Dynamic Recovery Solutions cannot sue you for it. If you do not pay the debt, Jefferson Capital Systems, LLC and Dynamic Recovery Solutions may report or continue to report it to the credit reporting agencies as unpaid."

34.     The Letter states that both Defendant Jefferson and Defendant DRS mat report or continue to report the debt to the credit reporting agencies is deceptive and misleading because only one of the Defendants can report the debt to the credit agencies.

35. Both Defendants cannot report the same debt to the credit agencies, and to state that they may both report to the debt to the credit agencies is deceptive and misleading to the consumer.

36. In addition, due to the misleading statements, Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify which Defendant has the ability to submit negative credit reports.

37. Additionally, the threat that both Defendant DRS and Defendant Jefferson may report the debt to the credit bureaus overshadows the "g-notice" language and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act because Plaintiff could feel pressure to pay immediately in order to avoid double reporting of the debt to the credit bureaus than taking his 30 day "G-Notice" period to either dispute or request validation of the debt.

38. Plaintiff incurred an informational injury because Defendant falsely threatened that both Defendants could report the debt to the credit agencies when Defendant knew that it could not.

39. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated §1692e :

  f. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

  g. By making a false and misleading representation in violation of §1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. The Defendant violated 15 U.S.C. §1692g, threatening to report the same debt twice through both Defendants which overshadows the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Frederick Harding , individually and on behalf of all others similarly situated, demands judgment from Defendant DRS and Defendant Jefferson as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh E. Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 30, 2019                     Respectfully Submitted,

/s/ Aryeh E. Stein
Aryeh E. Stein, Fed. Bar No. 24559
Meridian Law, LLC
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com

1